IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                              Civil Action No. 3:11-CV-1049-M-BK

**HORACE SMITH,**

    **Defendant,**

v.

**O'CONNOR & ASSOCIATES,**

    **Garnishee,**

v.

**LASHONTA ODOM,**

    **Interested Party.**

## ORDER

Pursuant to the District Court's *Standing Order of Reference* dated July 15, 2011, this matter has been referred to the undersigned for pretrial management. (Doc. 16). This garnishment action arises out a federal criminal case, during which Horace Smith was convicted of wire and bank fraud. (Case No. 3:03-CR-415-K(09)). As part of his criminal judgment, Smith was ordered to pay monetary penalties of $160,453.96. (*Id.*, Doc. 580 at 4). When Smith failed to timely pay the debt, the district judge issued a sealed writ of garnishment to the employer of Smith's spouse, Lashonta Odom, on May 24, 2011. (Doc. 7). The garnishee employer, O'Connor & Associates, answered the writ on June 16, 2011. (Doc. 9). On June 28,

2011, Ms. Odom filed an *Answer*, contesting the validity and/or enforcement of the writ of garnishment and requesting a hearing. (Doc. 10). She argues in an attached exhibit that she and Smith are not legally married. (*Id.* at Exh. A). On July 14, 2011, Ms. Odom filed a *Motion for Immediate Hearing*, stating that the garnishment was causing her extreme financial hardship. (Doc. 14).

As an initial matter, the government has filed a *Motion to Unseal Case* (Doc. 11), which is **GRANTED**. Upon review, and given Ms. Odom's *pro se* status, the Court notifies the parties that it will construe Ms. Odom's *Answer* (Doc. 10) and *Motion for Immediate Hearing* (Doc. 14) as a motion to quash or modify the writ of garnishment under 28 U.S.C. § 3013. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* litigants are entitled to liberal construction of their pleadings). Local Rule 7.1(a) of the Civil Local Rules for the Northern District of Texas requires that parties confer before filing this type of motion. After a full review of the motion, the court finds that the parties could more fully confer on the issues in dispute pursuant to Local Rule 7.1(a) and *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988) (discussing proper utilization of then Local Rule 5.1(a), which is now Local Rule 7.1(a)). Genuine, good-faith efforts by the parties to resolve their disputes before seeking court intervention often result in greater control over the outcome, acceptable compromise, or appreciably narrowed issues; these efforts also result in cost savings for the litigants. The parties must comply with Local Rule 7.1(a) in an earnest attempt to ensure that the issues presented are unbridgeable and supported by reasonable yet differing positions.

The parties thus shall confer as soon as practicable, but in any event no later than Wednesday, August 17, 2011, and consider (1) the nature and basis for their claims and defenses

and (2) the possibilities for a prompt resolution of the case. It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave to the parties a determination of the form for the conference.

Further, the parties are directed to appear for a hearing to be held on Monday August 22, 2011, at 10:00 a.m. in U.S. Magistrate Judge Reneé Harris Toliver's Courtroom #1409, 1100 Commerce St., Dallas, Texas. Ms. Odom should bring to the hearing documentation of her income and expenses as well as any documentation supporting her assertion that she is not legally married to Horace Smith. If the parties amicably resolve this matter prior to the date of the hearing, they should notify the Court so that the hearing can be cancelled.

**SO ORDERED** on July 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE