## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                       **Civil Action No. 3:11-CV-1049-M-BK**

**HORACE SMITH,**

        **Defendant,**

**v.**

**O'CONNOR & ASSOCIATES,**

        **Garnishee,**

**v.**

**LASHONTA ODOM,**

        **Interested Party.**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Standing Order of Reference* dated July 15, 2011, this matter has been referred to the undersigned for pretrial management.  (Doc. 16).  This garnishment action arises out a federal criminal case, during which Horace Smith was convicted of wire and bank fraud.  (Case No. 3:03-CR-415-K(09)).  As part of his criminal judgment, Smith was ordered to pay monetary penalties of $160,453.96.  (*Id.*, Doc. 580 at 4).  When Smith failed to timely pay the debt, the district judge issued a sealed writ of garnishment to the employer of Smith's purported spouse, Lashonta Odom.  (Doc. 7).  The garnishee employer, O'Connor & Associates, answered the writ in June 2011.  (Doc. 9).  Later that month, Ms. Odom filed an *Answer*, contesting the validity and/or enforcement of the writ of garnishment and

requesting a hearing.  (Doc. 10).  She argued in an attached exhibit that she and Smith are not legally married.  (*Id.* at Exh. A).  In July 2011, Ms. Odom filed a *Motion for Immediate Hearing*, stating that the garnishment was causing her extreme financial hardship.  (Doc. 14).

Given Ms. Odom's *pro se* status, the Court construed her *Answer* (Doc. 10) and *Motion for Immediate Hearing* (Doc. 14) as a motion to quash or modify the writ of garnishment under 28 U.S.C. § 3013, and scheduled a hearing on the matter.  (Doc. 17).  Shortly before the hearing, the government moved to quash the writ, noting that its investigation had not turned up any record of a marriage between Smith and Ms. Odom and, indeed, it had discovered two divorce petitions filed to dissolve the marriage of Smith to Ms. Anong Smith, but both petitions had been dismissed for lack of prosecution.  (Doc. 18).  Three days later, the government sought to withdraw its *Motion to Quash the Writ*, contending that Ms. Odom had recently testified before the undersigned that she had married Smith in 2009.  (Doc. 19).

The parties then appeared for a hearing before the Court on August 29, 2011.  The government argued that Ms. Odom had not satisfied her burden of proving that she was not married to Smith, as evidenced by the fact that Ms. Odom testified before the undersigned at Smith's detention hearing on August 1, 2011, that she had married Smith in 2009.  (Case No. 3:03-CR-415-K, Doc. 631 at 33).  Nevertheless, the undersigned concludes that Ms. Odom has met her burden of proving that her marriage to Smith was void.  In particular, Ms. Odom presented as evidence at the August 29, 2011, hearing an order dated December 11, 2008, dismissing the divorce petition of Anong Smith and Horace Smith for want of prosecution. (Doc. 10 at Exh. B).  The Court finds this persuasive in light of the government's averment that it discovered two divorce petitions, both dismissed for want of prosecution, but no evidence of the

entry of a final divorce decree.

The Court also rejects the government's argument proffered at the hearing that because Ms. Odom and Smith met all the requirements of an informal (common law) marriage under Texas law, they were, in fact, married.  There can be no marriage, formal or otherwise, where there is a legal impediment.  In this case, there was such an impediment because Smith already was married to Anong Smith when he married Ms. Odom, and any marriage to Ms. Odom was, therefore, void.  *In re Marriage of J.B. and H.B.*, 326 S.W.3d 654, 678 (Tex.App. – Dallas, 2010, rule 53.7(f) motion granted January 20, 2011) (holding that Texas law does not recognize bigamous relationships as valid marriages); TEX. FAM. CODE ANN. § 6.202(a) (a marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse).  **Ergo, the undersigned recommends that Lashonta Odom's motion to quash the writ of garnishment be GRANTED pursuant to 28 U.S.C. § 3205(c)(10)** (providing that a garnishment can be terminated by, *inter alia*, a court order quashing the writ).

Nevertheless, the undersigned finds that Ms. Odom did falsely testify before the Court at Smith's detention hearing on August 1, 2011, that she was married to him, yet she argued to the Court at the hearing on the garnishment matter that she was not married to Smith.  Moreover, prior to testifying under oath at the August 1, 2011, hearing, Ms. Odom was aware of the fact on which she relied in her efforts to quash the writ of garnishment – that Smith's prior marriage had never been dissolved.  **Accordingly, the Court has scheduled a hearing for <u>October 11, 2011, at 10:00 a.m.,</u> at which Lashonta Odom is ordered to show cause why she should not be sanctioned for testifying falsely under oath.**  The Court has advised Ms. Odom to obtain

3

counsel to represent her at the show cause hearing.

      **SO RECOMMENDED** on August 29, 2011.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4